IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02146-ZLW

BURTON SANDLES,

      Plaintiff,

v.

DENVER DOWNTOWN CORRECTIONAL FACILITY,
CHIEF KEILER,
MAJOR CONNER, and
CAPTAIN McCALL,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff, Burton Sandles, filed *pro se* on October 29, 2010, a Motion for
Reconsideration asking the Court to reconsider and vacate the Order of Dismissal and
the Judgment entered in this action. The Court must construe the motion liberally
because Mr. Sandles is not represented by an attorney. *See Haines v. Kerner*, 404
U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For
the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment and who seeks reconsideration by the
district court of that adverse judgment may "file either a motion to alter or amend the
judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment
pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243
(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-
eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will

consider Mr. Sandles' motion to reconsider pursuant to Rule 59(e) because the motion

was filed within twenty-eight days after the Judgment was entered in this action. *See*

*Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit

for filing a Rule 59(e) motion under prior version of that rule should be construed as a

Rule 59(e) motion).  The three major grounds that justify reconsideration are:  (1) an

intervening change in controlling law; (2) the availability of new evidence; and (3) the

need to correct clear error or prevent manifest injustice.  *See Servants of the*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Sandles

failed either to pay the designated initial partial filing fee or to show good cause why he

was unable to pay the designated initial partial filing fee.  On September 14, 2010, Mr.

Sandles was granted leave to proceed *in forma pauperis* in this action and, pursuant

to 28 U.S.C. § 1915(b)(1), he was ordered either to pay an initial partial filing fee of

$15.00 or to show cause why he was unable to pay the initial partial filing fee.  On

October 4, 2010, Mr. Sandles filed a response to the order directing him to pay an initial

partial filing fee.  Mr. Sandles asserted in his October 4 response that he could not pay

the initial partial filing fee and he submitted a copy of his inmate trust fund account

statement in support of that assertion.  Although the account statement submitted on

October 4 demonstrated that Mr. Sandles lacked sufficient funds to pay the initial partial

filing fee on September 30, 2010, the date the account statement was printed, the Court

determined that the account statement did not demonstrate good cause for Mr. Sandles'

failure to pay the initial partial filing fee because the account statement also revealed

that sufficient funds to pay the initial partial filing fee had been deposited into Mr.

Sandles' account after he was ordered to pay the initial partial filing fee and that, rather than paying the initial partial filing fee, Mr. Sandles used the funds to make commissary purchases.

Mr. Sandles concedes in the motion to reconsider that he had sufficient funds in his inmate account to pay the $15.00 initial partial filing fee as determined by the Court. However, he now alleges that he cannot use the funds in his inmate account to pay the filing fee. He further alleges that he has attempted to use the funds in his inmate account to pay the filing fee but was told by jail officials that he cannot do so because funds deposited into his inmate account are to be used for commissary purchases and not the payment of filing fees. Mr. Sandles does not specify what steps he has taken in his attempts to pay the initial partial filing fee, such as how and when he attempted to access the funds in his inmate account to pay the initial partial filing fee, or who told him he could not do so. He also does not provide any documentation, such as a copy of a jail regulation or grievance response, to support his allegation that he cannot use the funds in his inmate account to pay the initial partial filing fee. Although Mr. Sandles has attached a number of grievances to the motion to reconsider, the attached grievances all relate to accessing the law library and not the issue of payment of the initial partial filing fee.

Upon consideration of the liberally construed request to reconsider and the entire file, the Court finds that Mr. Sandles fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Sandles fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest

3

injustice. Instead, he raises a new argument that could and should have been raised in response to the order directing him to pay an initial partial filing fee. However, a motion to reconsider is not a new opportunity to advance arguments that could have been raised previously. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Therefore, even if Mr. Sandles cannot use the funds in his inmate account to pay a filing fee, his failure to advise the Court of that fact in his response to the order directing him to pay an initial partial filing fee is a sufficient basis for denying the motion to reconsider.

The Court additionally notes that, in another case filed by Mr. Sandles, *see Sandles v. Colorado*, 10-cv-01972-ZLW (D. Colo. Oct. 6, 2010), which also was dismissed because Mr. Sandles failed to pay the initial partial filing fee despite having sufficient funds to do so, Mr. Sandles also did not advise the Court at any time after being ordered to pay an initial partial filing fee on August 31, 2010, that he could not use the funds in his inmate account to make filing fee payments. Furthermore, Mr. Sandles filed multiple motions seeking an extension of time to pay the initial partial filing fee in 10-cv-01972-ZLW without ever advising the Court that he could not use the funds in his inmate account to pay the initial partial filing fee.

Finally, even if it was appropriate to raise a new argument for the first time in a motion to reconsider, the Court finds that Mr. Sandles' vague and unsupported allegation that he cannot use the funds in his inmate account to pay the initial partial filing fee does not justify reconsideration of the order dismissing this action. As noted above, Mr. Sandles fails to allege specifically how and when he has attempted to pay the initial partial filing fee and he fails to provide any documentation that demonstrates

4

he cannot use the funds in his inmate account to pay the filing fee.  Therefore, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that the Motion for Reconsideration filed on October 29, 2010, is denied.

DATED at Denver, Colorado, this __4th__ day of __November__, 2010.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 10-cv-02146-BNB

Burton Sandles
Prisoner No.  0000632568
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11 5 10

                       GREGORY C. LANGHAM, CLERK

                       By: _____
                                Deputy Clerk